UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RAFAEL MARTINEZ &
KARINA PEREZ,

        Plaintiffs,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
ANTHONY MARION, Shield # 03115,
Narcotics Boro Manhattan North,
NEW YORK CITY POLICE DETECTIVE
OSCAR FERNANDEZ, Shield # 07103,
Narcotics Boro Manhattan North,
NEW YORK CITY POLICE DETECTIVE
JAMES WHITE, Shield # 07439
Narcotics Boro Manhattan North,
NEW YORK CITY POLICE OFFICER
DAVID KANTOR, Shield # 27638
Narcotics Boro Manhattan North
        Defendant(s).
--------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, RAFAEL MARTINEZ and KARINA PEREZ, seek redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, RAFAEL MARTINEZ and KARINA PEREZ, are United States Citizens and residents of the United States, and at all times relevant herein are residents of the State of New York.

8. Defendants NEW YORK CITY POLICE DETECTIVES MARION, FERNANDEZ, WHITE and NEW YORK CITY POLICE OFFICER KANTOR, all of the Narcotics Boro Manhattan North Command, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DETECTIVES MARION, FERNANDEZ, WHITE and NEW YORK CITY POLICE OFFICER DAVID KANTOR are sued individually and in their official capacity. At all times

relevant, Defendant DETECTIVES MARION, FERNANDEZ, WHITE and OFFICER KANTOR were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendant DETECTIVES MARION, FERNANDEZ, WHITE and NEW YORK CITY POLICE OFFICER KANTOR were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

   9.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers and maintenance of police facilities as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

   10.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and Defendant CITY OF NEW YORK.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance of police facilities.

## STATEMENT OF FACTS

11. On August 10, 2011, in the vicinity of 53 Vermilyea Avenue in New York County, at approximately 3:30 p.m., Plaintiff RAFAEL MARTINEZ was in the process of picking up his son from work, when he observed his God-sister, Plaintiff KATRINA PEREZ driving by in her motor vehicle. The Plaintiff flagged down Ms. PEREZ, who stopped her vehicle. The Plaintiff entered Ms. Perez' vehicle and proceeded to have a conversation with Ms. PEREZ, who showed Mr. MARTINEZ pictures of her new born child. After speaking with Plaintiff PEREZ for a few minutes, Plaintiff MARTINEZ exited Plaintiff PEREZ' vehicle and Ms. PEREZ proceeded to drive off. Plaintiff MARTINEZ then went back to his vehicle, which now contained his son, godson and a family friend. Plaintiff MARTINEZ then walked to the store on the corner and purchased sandwiches, which he brought back to his car, and which were eaten by Plaintiff MARTINEZ and the other occupants of the car. Approximately thirty minutes later, named Defendant Officers, NEW YORK CITY POLICE DETECTIVES ANTHONY MARION, OSCAR FERNANDEZ, JAMES WHITE and NEW YORK CITY POLICE OFFICER DAVID KANTOR, who were in two mini-vans and two unmarked sedans, approached Plaintiff MARTINEZ with their service weapons drawn and pointing at Plaintiff MARTINEZ, telling Plaintiff MARTINEZ "don't move". Plaintiff MARTINEZ was ordered out of his vehicle and was immediately placed in handcuffs by Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY MARION, who placed the cuffs on extremely tightly, despite Plaintiff MARTINEZ informing the Officer that he had several surgically placed pins in Plaintiff MARTINEZ' left wrist. Defendant DETECTIVE MARION refused to loosen the handcuffs, causing Plaintiff MARTINEZ' left thumb to eventually turn blue in color and lose feeling

due to loss of circulation, and the handcuffs remained in that position for over three hours until the Plaintiff could persuade another member of THE NEW YORK CITY POLICE DEPARTMENT to loosen the handcuffs at the 34th precinct.  Plaintiff MARTINEZ was searched on the street by two of the named Defendant Officers, causing a crowd of people, many of whom were known to Plaintiff MARTINEZ, to gather around watching Plaintiff MARTINEZ' arrest and search by named Defendant Officers, including watching Plaintiff MARTINEZ being forced to remove his shoe laces, belt and contents of his pockets by the named Defendant Officers, causing Plaintiff MARTINEZ to suffer considerable public humiliation and embarrassment.  One of the named Defendant Officers then got in Plaintiff MARTINEZ car while Plaintiff MARTINEZ was transported to the 34th Precinct, where he was subjected t o a strip search by named Defendant Officers.  Plaintiff MARTINEZ was subsequently taken to Central Booking where Plaintiff MARTINEZ was searched again prior to being arraigned upon a criminal court complaint drafted by employees of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE alleging violation of New York Penal Law Section 221.40 based upon the allegations and supporting documents provided by named Defendant NEW YORK CITY POLICE DETECTIVES MARION, FERNANDEZ, WHITE and OFFICER KANTOR.  Plaintiff MARTINEZ was eventually released from the custody of the NEW YORK CITY POLICE DEPARTMENT after approximately twenty eight hours in custody.  Plaintiff MARTINEZ' son was allowed to retrieve Plaintiff MARTINEZ automobile approximately three hours after Plaintiff's arrest and returned the car to Plaintiff MARTINEZ, who observe his car to have damage to the rear interior door panels, speakers, brake lights and headlights in an amount exceeding Three Thousand Dollars ($3,000.00), which damage was not present prior to Plaintiff MARTINEZ' car being taken into possession by the named Defendant Officers and the NEW YORK

CITY POLICE DEPARTMENT.  As a result of the actions of the named Defendant Officers, Plaintiff MARTINEZ was forced to miss several days of work to defend himself against the false criminal charges levied against him by named Defendant Officers DETECTIVE ANTHONY MARION, DETECTIVE OSCAR FERNANDEZ and DETECTIVE JAMES WHITE, which were dismissed after three court appearances.  After Plaintiff KATRINA PEREZ finished speaking with Plaintiff MARTINEZ, she proceeded to drive toward Dykman Avenue in New York County, where she made a right hand turn to proceed up toward Riverside Drive.  On Riverside Drive and Hershaw a van stopped in front of Plaintiff PEREZ' vehicle.  Plaintiff PEREZ proceeded to blow her horn at the van to get it to move forward, whereupon two of the named Defendant Officers exited the van, with the driver of the van ordering Plaintiff PEREZ to "get the fuck out of the car, we need to search the car".  Plaintiff PEREZ was then ordered out of the car, while telling the Defendant Officers that she had nothing in the car, whereupon the named Defendant Officer driving the van stated to Plaintiff PEREZ in sum and substance that she was "a fucking liar and she was going through the system".  While Plaintiff PEREZ was stopped by the Defendant Officers she saw her Godfather drive by, causing Plaintiff considerable embarrassment and humiliation.  Plaintiff PEREZ Godfather stopped his vehicle to find out what was going on and one of the members of THE NEW YORK CITY POLICE DEPARTMENT allowed Plaintiff PEREZ Godfather to take custody of her car.  Plaintiff PEREZ was then searched on the street by one of the named Defendant Officers, all of whom are male, and handcuffed with her hands behind her back.  Plaintiff PEREZ was then placed in the van, which had two other female arrestees inside.  After approximately ten minutes Plaintiff PEREZ was transported to Academy and Seamen Street, where Plaintiff RAFAEL MARTINEZ was brought over by members of THE NEW YORK CITY POLICE DEPARTMENT.  Upon seeing

Plaintiff PEREZ, Plaintiff MARTINEZ asked one of the named Defendant Officers who was wearing a black and red "w'ohop" shirt, in sum and substance: "why do you have her?", to which the aforementioned named Defendant Officer stated in sum and substance: "that's the reason we got you". Plaintiff MARTINEZ then stated in sum and substance: "that's my God sister". Plaintiff MARTINEZ then observed one of the named Defendant Officers walk over to Defendant NEW YORK CITY POLICE OFFICER ANTHONY MARION and engage in a conversation with Defendant DETECTIVE MARION. Plaintiff PEREZ was subsequently transported to the 34th Precinct where she was searched again, fingerprinted, then eventually transported to Central Bookings where she was arraigned upon a Criminal Court complaint drafted by employees of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, based on false allegations made by named Defendant NEW YORK CITY POLICE OFFICERS DETECTIVE ANTHONY MERION, DETECTIVE JAMES WHITE and POLICE OFFICER DAVID KANTOR. Plaintiff PEREZ was forced to defend herself against the criminal charges levied by the named Defendant Officers which were dismissed on February 22, 2012. During Plaintiff PEREZ detention of almost thirty hours, she was unable to breastfeed her newborn baby, resulting in Plaintiff PEREZ's subsequent and permanent inability to breastfeed her child after her arrest, search and detention by the named Defendant NEW YORK CITY POLICE OFFICERS.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest, and Excessive Force**

13. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEWYORK CITY POLICE DETECTIVE ANTHONY MARION, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully searching, falsely arresting Plaintiff RAFAEL MARTINEZ without lawful reason or probable cause and applying too much force in the use of police department handcuffs upon Plaintiff MARTINEZ.

15. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY MARION, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff RAFAEL MARTINEZ.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

16. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY MARION, Narcotics Borough Manhattan North, acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully searching and falsely arresting and detaining Plaintiff KARINA PEREZ without probable cause.

18. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY

MARION, Narcotics Borough Manhattan North, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff KARINA PEREZ.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983, Fourth, Fifth and Fourteenth Amendments to the United States Constitution-**

**Malicious Prosecution**

19. The Plaintiffs incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Plaintiff RAFAEL MARTINEZ was subjected to malicious prosecution Defendant NEW YORK CITY DETECTIVES ANTHONY MARION, OSCAR FERNANDEZ, JAMES WHITE and NEW YORK CITY POLICE OFFICER DAVID KANTOR, who initiated a criminal prosecution against Plaintiff RAFAEL MARTINEZ without basis in law or fact, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff.

21. As a consequence of named Defendants NEW YORK CITY POLICE DETECTIVES ANTHONY MARION, OSCAR FERNANDEZ, JAMES WHITE and NEW YORK CITY POLICE OFFICER DAVID KANTOR'S actions, Plaintiff RAFAEL MARTINEZ suffered and continues to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT.

## FOURTH FEDERAL CLAIM

**Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution- Unlawful Search and Seizure**

22.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One through Twenty One (21) as if fully set forth herein.

23.  Plaintiff KARINA PEREZ was subjected to an unlawful search by Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY MARION and other named Defendant Officers of Narcotics Borough Manhattan North, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff KARINA PEREZ.

24.  As a consequence of Defendant NEW YORK CITY POLICE DETECTIVE ANTHONY MARION and other named Defendant Detectives actions, Plaintiff KARINA PEREZ has suffered and continues to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

**FIFTH FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C 1983, Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

25. The Plaintiffs incorporates by reference each of the allegations contained in Paragraphs One through Twenty Four (24) as if fully set forth herein.

26.  Plaintiff KARINA PEREZ was subjected to malicious prosecution by Defendants NEW YORK CITY DETECTIVES ANTHONY MARION, OSCAR FERNANDEZ, JAMES WHITE and NEW YORK CITY POLICE OFFICER DAVID KANTOR who initiated a criminal prosecution of Plaintiff KARINA PEREZ, without basis in fact or law.

27.  As a consequence of the actions of Defendants NEW YORK CITY POLICE

DETECTIVES MARION, FERNANDEZ, WHITE and OFFICER KANTOR, Plaintiff PEREZ suffered the incurrence of legal fees and loss of time from employment, as well as extreme emotional upset, public humiliation and embarrassment.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against named Defendant New York City Police Detectives MARION, FERNDANDEZ, WHITE and NEW YORK CITY POLICE OFFICER KANTOR.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 14, 2014

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax (212) 227-2330
E: vbrownlaw@yahoo.com